PRISONS AND REFORMATORIES
A probation parole officer continuously employed in the classified service since before May 4, 1974, who lacks the bachelor's degree provided in 57 O.S. 515 [57-515] (1976), may be eligible for promotion to any probation and parole officer classification if that individual otherwise qualifies in all respects for said promotion. Further, the State Personnel Board must conform the qualifications for such classified positions to specifically exclude the requirement of a bachelor's degree for all classified probation and parole officers who were so employed. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following question: May a probation and parole officer continuously employed in the classified service since before May 4, 1974, who lacks the bachelor's degree provided in 57 O.S. 515 [57-515] (1976) be eligible for promotion to any probation and parole officer classification if that individual otherwise qualifies for said promotion ? The present statutory provision relating to probation and parole officers, 57 O.S. 515 [57-515] (1976), provides in part as follows: "A. All probation-parole officers shall be deemed peace officers and possess the powers given under law to such persons. Qualifications for probation-parole officers shall be good character and, except for those presently employed, a bachelor's degree from an accredited college or university including at least twenty-four (24) credit hours in any combination of psychology, sociology, social work, criminology, education, criminal justice administration, penology or police science. Provided, that any employee of the Department, formerly classified and who worked as a probation-parole officer for at least one (1) year, who was later promoted to an administrative or supervisory position within the Department and who has been employed continuously by the Department may be reappointed to the position of probation-parole officer without having to meet the currently established qualifications in this act. Such a probation-parole officer shall be paid a salary commensurate with his position as a probation-parole officer." (Emphasis added) The exception emphasized above was contained in the original amendment to 57 O.S. 515 [57-515] (1971), that is House Bill No. 1500 of the Second Regular Session of the 1974 Legislature which first established a bachelor's degree as a qualification for probation-parole officers. That amendment became effective on May 4, 1974. It is obvious, as result of the aforementioned exception, that the Legislature intended that all probation and parole officers in the classified service on that date should be exempted from the degree requirement, and that such requirement only be applicable to those persons entering classified service as probation and parole officers after May 4, 1974. It is our understanding that since the aforementioned bachelor's degree requirement was established, the Oklahoma State Personnel Board has established a career schedule consisting of three (3) classifications of probation and parole officers entitled Probation and Parole Officer I, II and III. The Personnel Board has established the degree requirement not only for those persons entering the classified service after May 4, 1974, but also requires such a degree to establish eligibility for promotion to the Probation and Parole Officer II and III classifications. It is also our understanding that promotions within this schedule is that with which you are concerned. Title 74 O.S. 805 [74-805] (1971), sets forth the duties of the State Personnel Board and provides that the Board shall: "(2) Adopt, initiate the adoption of, approve, modify, reject, or establish such rules and regulations as may be necessary to give effect to the merit system of personnel administration as contemplated by this act. Such rules and regulations shall include provision for the establishment and maintenance of classification and compensation plans according to the respective duties and responsibilities, the conduct of examinations to determine by competitive performance exclusively on the basis of merit, efficiency and fitness, the qualifications of all candidates for positions in the classified services, . . ." (Emphasis added) However, in 8 Okl. Op. A.G. ______ (Opinion No. 75-255), it was held that: "The State Personnel Board continues to have authority to establish qualifications for the classified service, unless qualifications are set by statute, in which case the Personnel Board must conform. In conforming merit system qualifications to those set by statute, the Personnel Board must do so in a manner that does not abrogate legislative intent in setting the qualifications. Legislative intent should ordinarily be ascertained by consideration of the language of the statute. citation omitted." It is apparent that the Personnel Board, in requiring a bachelor's degree for probation and parole officers to be eligible for promotion, has abrogated the legislative intent provided in 57 O.S. 515 [57-515] (1976). The exemption contained in 57 O.S. 515 [57-515] includes all probation and parole officer positions and the Personnel Board cannot establish qualifications for those positions which establish a higher requirement than that expressed at the Legislature. It is, therefore, the opinion of the Attorney General that your question must be answered in the affirmative. A probation and parole officer continuously employed in the classified service since before May 4, 1974, who lacks the bachelor's degree provided in 57 O.S. 515 [57-515] (1976), may be eligible for promotion to any probation and parole officer classification if that individual otherwise qualifies in all respects for said promotion. Further, the State Personnel Board must conform the qualifications for such classified positions to specifically exclude the requirement of a bachelor's degree for all classified probation and parole officers who were so employed. (KENNETH L. DELASHAW, JR.)